Michael T. Pieja (CA Bar No. 250351)
mpieja@goldmanismail.com
Doug Winnard (CA Bar No. 275420)
dwinnard@goldmanismail.com
Lauren Abendshien (*pro hac vice* to be
filed)
labendshien@goldmanismail.com
GOLDMAN ISMAIL TOMASELLI
    BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191

(Additional counsel listed in signature
block)

*Attorneys for Moving Party Apple Inc.*

James J. Foster (*pro hac vice* to be
filed)
jfoster@princelobel.com
Aaron Jacobs (CA No. 214953)
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: 617-456-8000

*Attorneys for Third Party FIG, LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Movant, <br><br> v. <br><br> FIG LLC, <br><br> Respondent. | Misc. Case No. 2:20-mc-00088 <br><br> [re Case Nos. 3:19-cv-1905-JD (N.D. Cal.), 5:19-cv-1692-EJD (N.D. Cal.), and 6:19-cv-532-ADA (W.D. Tex.)] <br><br> **JOINT STIPULATION ON MOVING PARTY APPLE INC.'S MOTION TO COMPEL THIRD PARTY FIG LLC TO PRODUCE DOCUMENTS** <br><br> DATE: <br> TIME: <br> COURTROOM: <br> JUDGE: <br><br> Discovery Cut-Off:   September 21, 2020 <br> (Expert Reports Due October 9, 2020) <br> Pre-Trial Conf.:   TBD <br> Trial:   TBD |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................... iii

I.   INTRODUCTION ................................................................................ 1

     A.   Apple's Introductory Statement .............................................. 1

     B.   FIG's Introductory Statement ................................................ 2

II.  APPLE'S REQUESTS FOR PRODUCTION ...................................... 4

     A.   Requests Directed to the Asserted Patents (Nos. 1–3, 5–7, 9–
          17)............................................................................................ 4

          1.   FIG's Response ............................................................. 6

          2.   Apple's Arguments on the Asserted-Patent Requests ................... 6

          3.   FIG's Contentions as to the Asserted-Patent Requests ............... 11

     B.   Requests Directed to Valuation(s) of Uniloc (Nos. 4 and 8) ................. 13

          1.   FIG's Response ........................................................... 13

          2.   Apple's Arguments on the Uniloc-Valuation Requests .............. 14

          3.   FIG's Contentions as to the Uniloc-Valuation Requests............. 16

III. APPLE'S CONCLUSION.................................................................... 17

IV.  FIG'S CONCLUSION ........................................................................ 17

# TABLE OF AUTHORITIES

**Cases**

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont.*,
    408 F.3d 1142 (9th Cir. 2005) ........................................................8, 9, 10

*Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp.*,
    879 F.3d 1332 (Fed. Cir. 2018) ................................................15

*Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*,
    224 F.R.D. 644 (N.D. Cal. 2004) ..............................................15

*Integra Lifescis. I, Ltd. v. Merck*,
    331 F.3d 860 (Fed. Cir. 2003) ..................................................15

*Iroquois Master Fund, Ltd. v. Global ePoint, Inc.*,
    2018 WL 6929337 (C.D. Cal. Jan 9, 2018)............................................9

*Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
    511 F.2d 192 (9th Cir. 1975) ....................................................8

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ................................................14

*Uniloc 2017 LLC v. Google LLC*,
    2:18-cv-491-JRG-RSP (E.D. Tex.) ................................................12, 16

**Rules & Regulations**

Fed. R. Civ. P. 45(e)(2)................................................................7

# I.    INTRODUCTION

Movant, Apple Inc., and Third Party Respondent, FIG, LLC respectfully submit the following joint stipulation regarding Apple's motion to compel FIG to produce documents in response to Apple's subpoenas in three patent-infringement suits brought by Uniloc 2017 LLC (Case Nos. 3:19-cv-1905-JD (N.D. Cal.), 5:19-cv-1692-EJD (N.D. Cal.), and 6:19-cv-532-ADA (W.D. Tex.)). The parties have conferred under Civil Local Rule 37-1 in an attempt to resolve the dispute, but have reached an impasse. Declaration of Lauren Abendshien ("Abendshien Decl.") ¶ 3.

## A.    Apple's Introductory Statement

Over the last four years, various Uniloc entities have filed over two dozen patent-infringement suits against Apple. Through these many cases runs a common thread: Fortress, Uniloc's financier. Fortress has been involved in creating the current Uniloc entities, providing those entities with financing, and preparing the agreements that define their rights to their patent portfolios. Fortress' involvement has touched on issues of patent ownership, standing to bring suit on those patents, and the valuation of those patents (and any damages due to Uniloc). To obtain documents held by Fortress on these topics, Apple served a subpoena on Fortress Investment Group (FIG) in connection with one of the *Uniloc 2017 v. Apple* suits pending in the Northern District of California (Case No. 3:19-cv-1905-JD). (Ex. A, 8/8/19 Subpoena.) Through this subpoena, Apple requested documents concerning the patent asserted in the underlying suit (including assessments of its value), and Fortress' valuation(s) of Uniloc, both of which relate to the core issue of damages in that case.

In response, Fortress provided a single Word document—entitled "Document8"—containing a single sentence: a purported objection to Apple's subpoena "on grounds of relevance, burden, overbreadth, work product, and privilege." (Ex. B, 8/22/19 Foster Email and Attachment.) Fortress provided no further information about the bases for these objections or which requests they supposedly applied to.

A series of teleconferences between counsel for the respective parties ensued, but Fortress refused to produce any documents responsive to the requests noted above.[1] And when Apple served subpoenas containing identical requests on Fortress in connection with two other *Uniloc 2017 v. Apple* matters (Case Nos. 5:19-cv-1692-EJD (N.D. Cal.) and 6:19-cv-532-ADA (W.D. Tex.)) (Ex. C, 7/7/20 -1692 Subpoena to FIG; Ex. D, 7/7/20 -532 Subpoena), Fortress objected to these requests, too, with similar boilerplate (Exs. E and F, 7/15/20 Foster Emails).

Fortress now admits that it has responsive documents concerning the patents asserted in the underlying suits, but maintains that these documents are privileged. Any privilege, however, has been forfeited: despite multiple requests by Apple over a period of months, Fortress refused to provide a privilege log. And its generalized "objections" cannot act as substitute for a proper privilege claim. Fortress also argues that it need not produce any materials because Magistrate Judge Ryu—who is presiding over a different discovery dispute between Apple and Fortress in a different *Uniloc v. Apple* case—has not ordered it to do so. This argument is a non-starter: the requests at issue here cover different documents and issues than those before Judge Ryu. Fortress should be compelled to produce all documents within its possession, custody, or control, that are responsive to the requests set forth below.

### B.   FIG's Introductory Statement

All three subpoenas involved in this proceeding named only FIG, LLC as the person to whom they were directed. Although FIG, LLC is a subsidiary of Fortress Investment Group LLC, the latter entity was not itself subpoenaed in the underlying actions, contrary to Apple's statements above. Regardless, this Joint Stipulation will use "FIG" to encompass both entities.

---

[1] In January 2020, Fortress produced a small number of documents in response to other requests that are not at issue here.

FIG is not a party to any of the three actions in which these subpoenas were served. The plaintiff in those actions is Uniloc 2017 LLC, which owns each of the three patents-in-suit, referred to here as the "Asserted Patents."

According to the court files in these actions, Uniloc 2017 has accused Apple of infringing the patents. The issues expected to be tried would be whether Apple infringed the patents, whether the patents are invalid, and the amount of damages to be awarded. FIG has no information relevant to any of these issues.

FIG is a global asset management firm that manages investments made by its affiliated entities and funds across a range of credit and real estate, private equity, and permanent capital investment strategies on behalf of over 1750 institutional investors worldwide. Uniloc 2017 is but one of those investments. FIG has a role in providing financing to entities such as Uniloc 2017, but is not involved in managing the infringement litigation.

FIG understands Apple has obtained considerable discovery in these actions from Uniloc 2017 over the past two years. When Apple served a subpoena on FIG a year ago, FIG told Apple it would have no documents or information relevant to these actions other than whatever it would have received from Uniloc 2017 itself. FIG requested Apple to obtain those documents and information from Uniloc's 2007 directly, as that entity, and not FIG, is the plaintiff in the action. (FIG did, however, produce to Apple certain documents that would not have been in the possession of Uniloc 2017, relating to a potential licensing issue.)

FIG thought all issues as to the subpoena had then been resolved, because it did not hear further from Apple until six months later when, in July 2020, Apple began serving similar subpoenas in other actions. In response to those later subpoenas, FIG wrote:

> To the extent that any of the requests turn out to be for relevant materials, Apple should obtain them from the parties in the action, rather than burden third party FIG, LLC.

FIG does not agree with the last paragraph of Apple's introductory statement, as will be explained further below.

## II.   APPLE'S REQUESTS FOR PRODUCTION

### A.   Requests Directed to the Asserted Patents (Nos. 1–3, 5–7, 9–17[2])

***Request No. 1****: All Documents and things relating to any Asserted Patent[3] or any Related Patent.*

***Request No. 2****: All Documents and things constituting or concerning any evaluation, opinion, or report as to the patentability, validity, enforceability, inventorship, scope, or infringement of any claim of the Asserted Patents or of any Related Patent.*

***Request No. 3****: All Documents and things relating to the value of or any valuation of the Asserted Patents or of any Related Patent.*

***Request No. 5****: All Documents and things relating to the ownership of the Asserted Patents or any Related Patent.*

***Request No. 6****: All Documents and things relating to or defining any rights You hold or held in the Asserted Patents or any Related Patent.*

***Request No. 7****: All Documents and things relating to any attempt (whether successful or not) to transfer or alienate any rights in or to any of the Asserted Patents, including any Documents constituting or evidencing any assignment, license, cross-license, offers to assign or license, refusals to license, covenant not to sue, security interest or other grant of rights concerning the Asserted Patents or any Related Patent.*

---

[2] The cited request numbers reflect the numbers in Apple's subpoena to FIG in the -1905 action. (Ex. A.) Identical requests were served (with slightly different numbering in certain instances) in the -1962 and -532 actions. (Exs. C and D.)

[3] The definition of "Asserted Patent" was inadvertently omitted from Apple's subpoenas. Apple later clarified that "Asserted Patent," as used in the subpoenas here, encompasses the patent asserted in each of the underlying suits, as well as a patent portfolio that contained such a patent or, for example, the value of any patents in such a portfolio. (See Ex. G, 11.25.19 Foster Email and Ex. H, 7/27/20 Abendshien Letter.)

**_Request No. 9_**: *All Communications with Third Parties regarding the Asserted Patents.*

**_Request No. 10_**: *All Documents and things concerning any of Your Communications with Third Parties regarding the Asserted Patents or Related Patents.*

**_Request No. 11_**: *All Communications with Uniloc or Third Parties relating to efforts to license, covenant not to sue, assign, and/or transfer the Asserted Patents.*

**_Request No. 12_**: *All Documents comprising any agreements to which You are or were a party that relate to Uniloc (including counsel on behalf of Uniloc), the Litigation, or the Asserted Patents or the enforcement thereof.*

**_Request No. 13_**: *All Documents relating to any actual, potential, or contemplated agreements to which You are (or were contemplated to be) a party that relate to Uniloc (including counsel on behalf of Uniloc), the Litigation, or the Asserted Patents or the enforcement thereof.*

**_Request No. 14_**: *All Documents and things concerning any benefit, financial or otherwise, that You have already received or may in the future receive by virtue of transferring rights to the Asserted Patents or any Related Patent, including, without limitation, licensing fees, consulting fees, percentage of any damage awards from litigation, arbitration, mediation, or any similar forum, or any other compensation of any kind.*

**_Request No. 15_**: *All documents reflecting any royalties (including but not limited to retained royalties), payments, and/or benefits of any kind You received that were derived from or related to any licensing, sublicensing, conveying, or otherwise transferring of any rights related to the Asserted Patents.*

**_Request No. 16_**: *All Documents related to all rights ever granted to any Third Party in or to any of the Asserted Patents, including all Documents relating to any licenses of any claim(s) of any of the Asserted Patents.*

**_Request No. 17_**: *All Documents related to the sale and/or license of any patents between You and Uniloc.*

1

### 1.    FIG's Response

Apple served its subpoena in the -1905 action on August 8, 2019. (Ex. A.) FIG responded on August 22, 2019 that it objected:

> to the entirety, and to each of the 27 specific requests, of that subpoena on grounds of relevance, burden, overbreadth, work product, and privilege.

(Ex. B at 2.) Apple served its subpoenas in the -1692 and -532 actions on July 7, 2020. (Exs. C and D.) FIG responded, on July 15, 2020, that it objected:

> to all of the requests on grounds of relevance, burden, proportionality, trade secrets or other confidentiality, and privilege or other immunity, such as work product. Judge Payne rejected a similar subpoena on several of those grounds in *Google LLC v. Fortress Investment Group LLC*, Case No. 2:20-mc-00003-JRG-RSP, Dkt. No. 32 (E.D. Tex. April 17, 2020).

> To the extent that any of the requests turn out to be for relevant materials, Apple should obtain them from the parties[4] in the action, rather than burden third party FIG, LLC.

(Exs. E and F.)

### 2.    Apple's Arguments on the Asserted-Patent Requests

Fortress asserts that it need not produce any documents relating to the patents Uniloc asserted against Apple for two reasons: because they are supposedly privileged; and because Magistrate Judge Ryu, who is presiding over a different dispute in a different case, has not ordered it to do so. Fortress is wrong on both fronts. Fortress has forfeited any privilege claim it may have had, and the separate dispute before Judge Ryu has no bearing on Fortress' obligations here.

---

[4] In FIG's response to the subpoena in the -532 action, FIG wrote "Plaintiff" instead of "parties." (Ex. F.)

Fortress initially indicated that it intended to produce at least some documents in response to Apple's patent-related requests. (Ex. I, 9/16/19 Pieja Email.) But it did not, and after Apple's multiple attempts to confer on the topic, Fortress changed its tune. It then wrote that it "has no non-privileged documents" regarding the patents asserted in the underlying suits. (Ex. J, Email between Counsel at 12/17/19 Foster Email.) As Apple understands it, Fortress admittedly possesses documents responsive to Apple's patent-related requests, and is refusing to produce them based solely on a claim of attorney-client privilege.

Fortress' privilege claim is wholly unsubstantiated and therefore must fail. Under Federal Rule of Civil Procedure 45, a person or entity "withholding subpoenaed information under a claim that it is privileged" must not only "expressly make th[at] claim," but must also *describe the nature of the withheld documents* . . . in a manner that . . . will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(ii) (emphasis added). Fortress provided no such description, either in its initial response to Apple's subpoenas or when it informed Apple that it was claiming privilege over all responsive materials.

To this day, Fortress has refused to provide a privilege log to substantiate its claims, despite multiple requests from Apple. After being told that Fortress was asserting privilege, Apple twice requested a log but Fortress did not supply one. (Ex. J.) And even following the parties' Local Rule 37-1 conference on July 30—during which Apple again requested a log—Fortress refused. In lieu of a privilege log, Fortress wrote that it "will stand on its objections." (Ex. K, Email between Counsel at 8/7/20 Foster Email.) Fortress' "objections," however, cannot and do not preserve the privilege Fortress wishes to assert. The four-line document containing Fortress' objections in the -1905 action states merely that Fortress objects "to the entirety" of Apple's subpoena "on grounds of relevance, burden, overbreadth, work product, and privilege." (Ex. B at 2.) This is a textbook example of a boilerplate objection. And "boilerplate objections or blanket refusals [to produce documents] are insufficient to

assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005); *see Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) ("Formally claiming a privilege should involve specifying which documents . . . are privileged and for what reasons . . . .")

Because Fortress has refused to document or substantiate its privilege claim, it has forfeited that claim. Courts in the Ninth Circuit generally examine four factors to determine whether a privilege claim has been forfeited. These factors include: (1) "the degree to which [an] objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged"; (2) "the timeliness of the objection and accompanying information about the withheld documents"; (3) "the magnitude of the document production"; and (4) any "other particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard." *Burlington*, 408 F.3d at 1149 (discussing privilege assertions under Federal Rule of Civil Procedure 34). Each of these factors weighs in favor of a finding that Fortress has forfeited its privilege claim here.

First, Fortress has not provided any information that would enable either Apple or the Court to determine what documents Fortress is withholding or whether each of those documents is indeed privileged. Its blanket objection to the whole of Apple's subpoena does not suffice. *See Burlington*, 408 F.3d at 1149. And it has refused to produce a log or other document that even identifies the documents at issue, much less substantiates its privilege claim over them. The only information that Fortress has shared is that it has summaries and comments, by a lawyer, of or about various patent portfolios and their potential value. (Abendshien Decl. ¶ 3.) Apart from being untimely, this general description—which Fortress did not provide until the parties' Local Rule 37-1 conference in July 2020—provides none of the information required to adequately assert a privilege.

To properly assert a privilege, the party seeking to assert it must, for each document withheld, "identify (a) the attorney and client involved, (b) the nature of the

document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *Iroquois Master Fund, Ltd. v. Global ePoint, Inc.*, No. CV 08-7761, 2018 WL 6929337, at *12 (C.D. Cal. Jan 9, 2018) (citation and internal quotation marks omitted). Fortress' vague oral summary falls far short of that standard. Apple cannot tell from that summary what attorney(s) were involved in preparing the documents that Fortress has withheld, for which client(s) those documents were prepared, or the date on which they were prepared. Nor can Apple determine all (or any) of the persons or entities who sent or received those documents. And Apple does not know the type(s) of the documents at issue, or which patents, or patent portfolios, they concern.

Second, even if Fortress' summary were substantively adequate—which it is not—its untimeliness weighs in favor of forfeiture. Fortress did not provide its minimal summary of its privilege claim until almost a year after Apple served its subpoena. This delay is more than enough to conclude that Fortress has forfeited that claim. *See Burlington*, 408 F.3d at 1149 (observing that the fact that a responding party waited five months to serve a privilege log "alone would immunize the district court's ruling [of waiver] from reversal"); *Iroquois*, 2018 WL 6929337, at *10–11 (holding that the responding party "waived . . . privilege by, at a minimum," producing a privilege log "nearly a year after the subpoena was served").

Third, Fortress has made no assertion that the number of responsive documents is so large that it would be unreasonably difficult to log them. The "magnitude of the document production," *Burlington*, 408 F.3d at 1149, thus is not an obstacle to providing an adequate description of the documents Fortress has withheld.

Finally, Fortress is a sophisticated corporate entity that manages over $41 billion in assets.[5] There is no reason why providing a privilege log "in a timely fashion would

---

[5] *See* https://www.fortress.com/about#overview.

have been impossible or overly burdensome." *Id.* Thus, by failing to produce a privilege log at all, Fortress has forfeited its privilege objection in the -1905 case.

For the same reasons, Fortress has forfeited any privilege objection to the subpoenas in the -1692 and -532 suits. In response to those subpoenas, Fortress again made only sweeping, boilerplate objections (Exs. E and F) that "are insufficient to assert a privilege," *Burlington*, 408 F.3d at 1149. And again Fortress refused to produce a privilege log of any kind, electing instead to "stand on" its (severely) inadequate response. (Ex. K at 8/7/20 Foster Email.)

Nor can Fortress withhold responsive documents on the purported basis that these requests are being addressed by another judge, because they are not. The dispute to which Fortress refers covers a different set of documents—largely relating to contractual agreements between Uniloc and Fortress—than is at issue here. In one of the many other pending *Uniloc v. Apple* matters (Case No. 3:18-cv-358-WHA (N.D. Cal.)), Apple is seeking discovery related to a claim that Fortress held such substantial rights in the patent-in-suit as to deprive Uniloc of Article III standing. Fortress injected itself into that case by providing Uniloc a declaration from a Fortress employee to support Uniloc's supposed standing to bring suit. While Apple did file a motion to compel Fortress to produce documents in the -358 action, the documents sought there relate to: (a) the negotiation and drafting history of a group of particular funding-related agreements with Uniloc; and (b) the latter's performance under those agreements. (Ex. L, -358 Motion to Compel, at 4–6.) There is almost no overlap between the funding- and performance-related documents sought in the -358 suit and the documents concerning the patents asserted in the *Uniloc v. Apple* suits at issue here.[6]

---

[6] Apple's requests in the -358 case do include requests for information about the valuation of certain collateral Uniloc provided to Fortress to secure a financial transaction. But it does not appear that the patents at issue here are implicated by those requests. And while Apple's subpoenas in the -1692 and -532 actions originally included additional requests that may overlap with the requests in the -358 case, Apple is not seeking to compel production of documents responsive to those requests here.

1   Fortress has documents responsive to Apple's asserted-patent requests. Because

2   it has forfeited its privilege claim and failed to put forth any colorable objection to

3   producing those materials, it should be compelled to produce them.

4                    **3.      FIG's Contentions as to the Asserted-Patent Requests**

5   Apple's argument above bears no relationship to any actual dispute remaining

6   between the parties.

7   FIG told Apple a year ago that documents that discussed the Asserted Patents, if

8   FIG had any at all, would necessarily have been received from Uniloc 2017. FIG

9   therefore requested that Apple obtain any such documents directly from Uniloc 2017,

10  because that entity was a party to the action. The issue of privilege never came up in

11  those conversations.

12  FIG repeated that position in responding to the more recent subpoenas:

13              To the extent that any the requests turn out to be for relevant materials, Apple

14              should obtain them from the parties in the action, rather than burden third-party

15              FIG, LLC.

16  (Abendshien Decl., Ex. E.)

17  FIG had assumed Apple had agreed to this limitation, as Apple did not object at

18  the time of the first subpoena and six months passed without further hearing from

19  Apple as to that subpoena. For that matter, Apple does not even argue in its section

20  above that FIG should be compelled to search for and produce documents Apple can

21  obtain from plaintiff Uniloc 2017.

22  FIG does not claim to have privileged documents responsive to the subpoenas.

23  As to documents other than what would have been received from Uniloc, in December

24  2019 FIG wrote it "has no non-privileged documents" with respect to these portfolios.

25  Apple mistakenly interpreted that as a statement that FIG *had located* privileged

26  documents with respect to these portfolios, but was withholding them. That, however,

27  was not the case.

28

As described above, FIG is a financial entity managing capital investment strategies for a large number of institutional investors. FIG did not itself acquire patents for Uniloc or manage that entity's portfolios. And it would not investigate or analyze specific patents Uniloc 2017 would acquire or the portfolios in which they appear.

But if FIG had wanted to do its own analysis of any patents or a patent portfolio of Uniloc 2017, it would have employed independent outside counsel to perform that task. And the communications from counsel providing that analysis would necessarily be subject to an attorney-client privilege.

The statement FIG "has no non-privileged documents" was simply reporting what would have been the result if a search had been made.

(In a different action between Apple and Uniloc 2017 in the Northern District of California, a discovery dispute had arisen as to whether a portion of a Fortress document was subject to an attorney-client privilege. Although that privilege issue is being resolved by Magistrate Judge Ryu of that district, it turned out the document was not responsive to the FIG subpoenas in these actions.   See accompanying Foster Declaration, ¶¶ 2-4.)

Finally, as a third-party, FIG questions the relevance of whatever analysis it could have performed, given that it has never owned the patents-in-suit. The same argument as made by Apple had been made by Google in attempting to enforce a similar subpoena served on Fortress, a company related to FIG, in an action in the Eastern District of Texas, *Uniloc 2017 LLC v. Google LLC*, 2:18-cv-491-JRG-RSP. The court there denied the motion as to this issue, holding:

> The … requests go too far …, asking for documents relating to the Respondent's internal analyses and investigations before the patents were purchased – information that bears no relevance to a reasonable royalty under the *Georgia-Pacific* analysis.

First, the Respondents themselves never owned the asserted patents, meaning it is speculative at best to think they would have unique information concerning the above topics. …. Respondents represented that they do not have documents of any "prior art searches in connection with the asserted patents or any application of the asserted patents to the Google accused products."

See Foster Decl., Ex. N, at 5 whole.

### B. Requests Directed to Valuation(s) of Uniloc (Nos. 4 and 8)

***Request No. 4***: *All Documents and things relating to the value of or any valuation of Uniloc or any assets thereof.*

***Request No. 8***: *All Communications with Third Parties regarding any valuation of or investment in or contribution of capital, equity, or other resources to CF Uniloc Holdings LLC, Uniloc 2017 LLC, Uniloc Licensing USA LLC, Uniloc USA, Inc., Uniloc Luxembourg, s.a.r.l, Uniloc Earnout Shareholders LLC, Uniloc Management LLC, or Uniloc Corporation Pty. Ltd.*

### 1. FIG's Response

Apple served its subpoena in the -1905 action on August 8, 2019. (Ex. A.) Fortress objected:

to the entirety, and to each of the 27 specific requests, of that subpoena on grounds of relevance, burden overbreadth, work product, and privilege.

(Ex. B at 2.) Apple served its subpoenas in the -1692 and -532 actions on July 7, 2020. (Exs. C and D.) FIG objected:

to all of the requests on grounds of relevance, burden, proportionality, trade secrets, or other confidentiality, and privilege or other immunity, such as work product. Judge Payne rejected a similar subpoena on several of those grounds in *Google LLC v. Fortress Investment Group LLC*, Case No. 2:20-mc-00003-JRG-RSP, Dkt. No. 32 (E.D. Tex. April 17, 2020).

To the extent that any of the requests turn out to be for relevant materials, Apple should obtain them from the parties[7] in the action, rather than burden third party FIG, LLC.

(Exs. E and F.)

### 2. Apple's Arguments on the Uniloc-Valuation Requests

As to its valuations of Uniloc, Fortress has similarly stated that it "will stand on its objections," and has refused to produce any responsive documents absent a court order. (Exs. G and K.) There is every reason to believe that Fortress has documents responsive to these requests. Over the last several years, Fortress has repeatedly extended secured financing to Uniloc. (*See* Ex. M, Partially Unredacted Version of Apple Mot. to Dismiss, Dkt. No. 168-3 at 3, *Uniloc USA, Inc., et al. v. Apple Inc.*, No. 3:18-cv-00360-WHA (N.D. Cal. Oct. 25, 2018)[8].) And Fortress would have been expected to review and value Uniloc's business as a part of that financing process. Fortress has advanced no argument that documents concerning any such valuations are irrelevant to the underlying action, are unduly burdensome to produce, or are otherwise protected from production. It has therefore forfeited any such objections.

In fact, documents concerning Fortress' valuations of Uniloc are relevant to the damages analysis in the underlying suits—in particular, to the circumstances of a hypothetical negotiation between the parties. "The hypothetical negotiation tries, as best as possible, to recreate the *ex ante* licensing negotiation scenario," *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009), and thus "to "reflect[] the real-world bargaining that occurs" in that scenario, *Exmark Mfg. Co. v. Briggs &*

---

[7] In FIG's response to the subpoena in the -532 action, FIG wrote "Plaintiff" instead of "parties." (Ex. F.)

[8] Apple's Motion to Dismiss in the -360 action (-360, Dkt. No. 135) was originally filed under seal. For purposes of this Motion, and for administrative convenience, Apple refers to the lightly-redacted version of the Motion to Dismiss that Uniloc filed on the public record as -360, Dkt. No. 168-3. The Declaration of Doug Winnard and exhibits to the Motion to Dismiss have been excluded due to volume.

*Stratton Power Prods. Grp.*, 879 F.3d 1332, 1349 (Fed. Cir. 2018). Any valuations that Fortress performed or received of Uniloc around the time of the hypothetical negotiation with Apple, for example, are evidence of what Uniloc's financial state and bargaining position would have been at that time. *See Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004) (holding that "the evaluation and acquisition of [the prior patent-holder] as well as the evaluation of its various assets is discoverable" because "it is relevant to the establishment of a reasonable royalty" (citing *Integra Lifescis. I, Ltd. v. Merck*, 331 F.3d 860, 871 (Fed. Cir. 2003))); *Integra*, 331 F.3d at 871 (noting that a damages award seemed "unbalanced in view of the overall acquisition price" of the former patent-holder), *vacated on other grounds*, 545 U.S. 193 (2005). For instance, if Fortress considered that the value of Uniloc's then-existing patent-licensing business was low, or that the business was not performing well, this would suggest a weak bargaining position for Uniloc in any hypothetical negotiations. In addition, Uniloc's sole commercial activity is to acquire and license or litigate patents. Thus, any valuation of Uniloc necessarily reflects the value of its patent portfolio, which is likewise relevant to the damages analysis. A valuation of Uniloc as a whole that is lower than the value Uniloc is placing on one of its patents in the underlying litigations, for instance, would be directly relevant to rebutting Uniloc's damages arguments. Fortress therefore cannot reasonably object to producing responsive documents on relevance grounds.

Fortress also cannot ground its refusal to produce those documents on the fact that Magistrate Judge Ryu is presiding over a different discovery dispute between Apple and Fortress in the -358 action. That dispute, as explained above (*see* page 10), involves Apple's requests for documents relating to certain of Fortress' funding-related agreements with Uniloc, and Uniloc's compliance with those agreements. The issues in the -358 action, unlike those presented here, do not cover Fortress' valuations of Uniloc. As those valuations are relevant to the underlying actions, and Fortress has

1  failed articulate a viable objection to producing them, Fortress should be compelled to

2  produce them.

### 3.  FIG's Contentions as to the Uniloc-Valuation Requests

4      These requests – asking for documents concerning the valuation of Uniloc 2017

5  –bear no relevance to the issues before the court in these patent infringement actions.

6      The only argument Apple could come up with was the value of Uniloc 2017

7  could relate to the "damages analysis" in the underlying suits. But the value of a patent

8  would depend upon Apple's need to license it to produce legally the accused product.

9  It would seem the financial condition of the patent owner would be irrelevant to that

10 calculation. As Apple spins it, however, Uniloc 2017's "financial state" would have

11 affected its "bargaining position" if it had participated in a hypothetical negotiation

12 with Apple at some point in the past. This is quite a stretch.

13     But Apple does not need discovery from FIG to determine the financial state of

14 Uniloc 2017. Apple can obtain that information directly from Uniloc 2017, without

15 troubling third parties for it.

16     Apple next argues a third party's valuation of "Uniloc as a whole" could be

17 argued as somehow limiting the value of its constituent parts, such as a patent portfolio.

18 But the relationship between a third party's valuation of a patent owner and the third

19 party's valuation of a patent portfolio would be tenuous, at best. But even as to third

20 parties' valuation of the asserted patents themselves, the Texas court, in the decision

21 cited above, had no problem disposing of this argument:

22     Google never effectively explained why the Respondent's perceived value of the

23     asserted patents would be relevant to a reasonable royalty damages calculation,

24     As the Federal Circuit has explained "the ultimate combination of royalty base

25     and royalty rate must reflect the value attributable to the infringing features of

26     the product, and no more.  Google was unable to cite.

27     a case where the value attributable to the infringing features the product included

28     a nonparty's perceived value of the asserted patents.

See Foster Decl., Ex. N, at 5-6.

## III.   APPLE'S CONCLUSION

Fortress should be compelled to produce all documents within its possession, custody, or control that are responsive to Request Nos. 1–17 of Apple's subpoena in the -1905 action (and identical requests in Apple's subpoenas in the -532 and -1692 suits).

## IV.   FIG'S CONCLUSION

The Court should deny the petition.

DATED: September 7, 2020        Respectfully submitted,

*/s/ Aaron Jacobs*
James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: 617-456-8000

*Attorneys for Third Party FIG, LLC*

DATED: September 7, 2020        Respectfully submitted,

*/s/ Michael T. Pieja*
Michael T. Pieja (CA Bar No. 250351)
mpieja@goldmanismail.com
Doug Winnard (CA Bar No. 275420)
dwinnard@goldmanismail.com
Lauren Abendshien (*pro hac vice*)
labendshien@goldmanismail.com
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606

Tel: (312) 681-6000
Fax: (312) 881-5191

Kenneth Baum (CA Bar No. 250719)
kbaum@goldmanismail.com
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
429 Santa Monica Boulevard, Suite 710
Santa Monica, CA 90401
Tel: (310) 576-6900
Fax: (310) 382-9974

*Attorneys for Defendant Apple Inc.*

## <u>ATTESTATION REGARDING SIGNATURES</u>

I, Michael T. Pieja, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: September 7, 2020            Respectfully submitted,

_/s/ Michael T. Pieja_
Michael T. Pieja (CA Bar No. 250351)