**DECLARATION OF LAUREN ABENDSHIEN IN SUPPORT OF JOINT STIPULATION ON MOVANT APPLE INC.'S MOTION TO COMPEL THIRD PARTY FIG LLC TO PRODUCE DOCUMENTS**

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Uniloc 2017 LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:19-cv-01697-VC |
| Apple Inc. | ) | 3:19-cv-01904-WHO |
|  | ) | 3:19-cv-01905-JD |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: FIG LLC, c/o The Corporation Trust Company
Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Letter and Exhibit A

| Place: Goldman Ismail Tomaselli Brennan & Baum LLP<br>429 Santa Monica Blvd, Suite 710<br>Santa Monica, CA 90401 | Date and Time:<br><br>09/06/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/08/2019

*CLERK OF COURT*

OR

_____   /s/ Michael T. Pieja
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Apple Inc.**
_____, who issues or requests this subpoena, are:
Michael T. Pieja, Goldman Ismail Tomaselli Brennan & Baum LLP, 564 W. Randolph St., Ste. 400, Chicago, IL 60661
mpieja@goldmanismail.com, (312) 881-5954

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

Uniloc 2017 LLC,

    Plaintiff(s),

vs.

Apple Inc.,

    Defendant(s).

Case No.: 3:19 CV 1697 VC 3:19 CV 1904 WHO 3:19 CV 1905 JD

**AFFIDAVIT OF SERVICE**

I, __DENORRIS BRITT__, being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party to this action. I am an agent of ATG LegalServe, Inc., Illinois Department of Financial and Professional Regulation number 117.001494. I attempted service of the within **Letter; ; Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action with Exhibit A** to FIG LLC c/o The Corporation Trust Company, located at **Corporation Trust Center, 1209 Orange Street, Wilmington, DE19801** resulting in the following:

[X] **AUTHORIZED SERVICE:** By leaving a copy of the Letter; ; Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action with Exhibit A with:

    NAME __AMY MCLAREN__

    TITLE __MANAGING AGENT__, an individual of the company willing and able to accept on behalf of the entity/respondent/witness on:

    the __8__ day of __AUGUST__, 20__19__ at __3:30__ p M

[ ] **NON-SERVICE** for the following reasons with the **DATE** and **TIME** of each attempt listed along with a description of the attempt (**attach a separate sheet if needed**):

__/__/____ @ _____
__/__/____ @ _____
__/__/____ @ _____

A description of person with whom the documents were left is as follows:

Sex: __F__ Race: __WHITE__ Approx. Age __40__ Height: __5'5__ Weight: __130__ Hair: __BROWN__

Noticeable Features/Notes _____

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

Signed and sworn to before me on this __8__ day of __AUGUST__, 20 __19__.

_____
Notary Public

X _____
__DENORRIS BRITT__
(Print Name)

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires September 14, 2020

*232968*

Law Firm Ref #:

Case 2:20-mc-00088-VAP-E   Document 1-3   Filed 09/07/20   Page 4 of 14   Page ID #:33

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. "You," "Your," or "Yours" means FIG LLC and Fortress Investment Group LLC, as well as any parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, employees, board members, executives, owners, patent prosecution counsel, and any other agents or affiliates thereof. For the avoidance of doubt, and to the extent not included within the above, "You," "Your," or "Yours" also includes at least Fortress Credit Co LLC, CF Uniloc Holdings LLC, CF DB EZ LLC, and CF DB EZ 2017 LLC.

2. "Affiliate" means any legal entity (including a company, corporation, partnership, sole proprietorship, LLC, or LLP) that controls or owns, is controlled or owned by, or is under common control or ownership with a particular entity.

3. "Softbank" means Softbank Corporation, including any parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, employees, board members, executives, owners, patent prosecution counsel, and any other agents or Affiliates thereof. For the avoidance of doubt, "Softbank" includes at least Softbank Mobile Corporation.

4. "Uniloc" means, collectively, Uniloc 2017, LLC; Uniloc Licensing USA LLC; Uniloc USA, Inc.; Uniloc Luxembourg, S.A.; Uniloc Luxembourg, s.a.r.l.; Uniloc Licensing EU s.a.r.l.; Uniloc Earnout Shareholders LLC; Uniloc Management LLC; and Uniloc Corporation Pty. Ltd., as well as any parents, subsidiaries, affiliates, employees, board members, executives, owners, counsel (including litigation counsel), and any other agents or Affiliates thereof.

5. "Litigation" shall mean all cases asserting any of the Asserted Patents against Apple Inc., including but not limited to the following cases in the United States District Court, Northern District of California: Case Nos. 3:19-cv-01697-VC; 3:19-cv-01904-WHO; 3:19-cv-01905-JD.

6. "Related Litigation" means all cases asserting any of the Asserted Patents against any entity other than Apple Inc.

7. The "'654 Patent" means U.S. Patent No. 6,836,654.

8. The "'999 Patent" means U.S. Patent No. 7,136,999.

9. The "'616 patent" means U.S. Patent No. 6,856,616.

10. "Named Inventor" means any individual named as an inventor on the Asserted Patents.

11. "Related Patent" means:

   a. Any patent or patent application (including any pending or abandoned application) that claims priority to any of the Asserted Patents, or that any of the Asserted Patents claim priority to;

   b. Any patent or patent application (including any pending or abandoned application) that claims priority to any patent or patent application to which any of the Asserted Patents also claims priority;

   c. Any foreign counterpart patent or patent application (including any unpublished application) of the Asserted Patents or of any patent or patent application (including any unpublished application) described by subpart (a) or (b) of this definition. For the purposes of clarity, a "foreign counterpart" includes any patent, patent application, utility model, invention patent, or their substantial equivalent, filed in any foreign patent office that (1) claims priority to any patent or patent application described by subpart (a) or (b) above; (2) is claimed as a foreign priority document by any patent or patent application described by

subpart (a) or (b) above; or (3) claims priority to any patent or patent application to which any patent described by subpart (a) or (b) above also claims priority.

12. "USPTO" means the United States Patent and Trademark Office, including its officers, agents, and examiners.

13. "Document" shall be construed with the broadest possible meaning to include everything contemplated by the Federal Rules of Civil Procedure and Federal Rules of Evidence, and shall include, without limitation, any written, recorded, graphic, or other matter, however produced or reproduced and in whatever medium (including, without limitation, paper, cards, charts, file, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item of readable, recorded, or visual material, including without limitation, originals, drafts, and all non-identical copies of each document. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document shall be considered a separate document.

14. "Communication" means any transmission of information, whether oral or in writing, including drafts, and including any writing memorializing any oral transmission.

15. "Person" includes, without limitation, any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, joint venture, or other legal entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

16. "Third Party" or "Third Parties" means a Person or Persons that is/are not a party to the Litigation.

3

17. "Product(s)" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, process, or method which are designed to function together to achieve a particular function or purpose, including those offered for sale, sold, or under development.

18. "Prior Art" means any Document or Thing that constitutes prior art to any of the Asserted Patents under any subsection of 35 U.S.C. § 102 or § 103.

19. "Relate to," "Related to" or "Relating to" is used in its broadest sense to include any connection, relation, or relevance.

20. The words "and" and "or" should be construed conjunctively and disjunctively so as to accord any individual request the broadest possible scope.

21. "Any" means "all" and/or "each" and vice versa, as necessary to bring within the scope of the request all information that might otherwise be construed to be outside of its scope.

22. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

23. The above definitions apply to each and every Instruction and Document Request below regardless of capitalization.

## INSTRUCTIONS

The following instructions apply to each specific Request unless otherwise explicitly stated.

1. If no Documents are responsive to a particular Request, state that no responsive Documents exist.

2. These Requests apply to all Documents in Your possession, custody, or control at the present time or coming into Your possession, custody, or control prior to the date of the production. If You know of the existence, past or present, of any Documents or things requested below, but are unable to produce them, state and identify such Documents or things, and the Person who has possession, custody, or control of them.

3. For any responsive Documents or tangible things that have been lost, destroyed, or withheld from production based on any ground, provide (1) the identity of the Document; (2) a description of the nature of the Document (e.g., letter, memorandum); (3) the identity of every Person who received copies of the Document; (4) the date of the Document; (5) a description of the subject matter of the Document; and (6) a description of the circumstances of the loss or destruction of the Document and/or any statute, rule, or decision upon which You rely in withholding the Document.

4. If You withhold from production any Document or part thereof based upon a claim of privilege or any other claim, describe the nature and basis of Your claim and the Document or information withheld in a manner sufficient to disclose the facts upon which You rely in asserting Your claim, to permit the grounds for withholding the Document or information to be identified unambiguously, and permit the Document or information withheld to be identified unambiguously.

Case 2:20-mc-00088-VAP-E   Document 1-3   Filed 09/07/20   Page 10 of 14   Page ID #:39

5. All Documents requested are to be produced in their entirety without abbreviation or redaction, including all drafts and attachments and in the same file or other organizational environment in which they are maintained.

6. These Requests seek all responsive Documents in their original language and, if the original language is not English, these Requests also seek all English-language translations that may exist for any such Documents.

7. You shall keep and produce a record of the source of each Document produced. This shall include the name and location of the file where each Document was located and the name of the Person, group or department having possession, custody, or control of each Document. In the case that Documents are produced electronically, this information may be produced in the metadata for each Document.

8. Since discovery requests are continuous in nature, Tou are under a duty to supplement or amend any prior response.

9. The Court has entered a Protective Order in the -1697 and -1905 cases that will contain provisions that may be used to protect confidential information provided in response to this subpoena. Copies of these orders are enclosed. The parties in the -1904 case have agreed and stipulated to entry of such an order, and we will provide a copy to You as soon as it is issued by the Court. If You or Your counsel have concerns regarding the production of confidential information, please contact counsel who signed this subpoena before producing any such materials in response hereto.

6

Abendshien Declaration Exhibit A
Page 13

## DOCUMENT REQUESTS

1. All Documents and things relating to any Asserted Patent or any Related Patent.

2. All Documents and things constituting or concerning any evaluation, opinion, or report as to the patentability, validity, enforceability, inventorship, scope, or infringement of any claim of the Asserted Patents or of any Related Patent.

3. All Documents and things relating to the value of or any valuation of the Asserted Patents or of any Related Patent.

4. All Documents and things relating to the value of or any valuation of Uniloc or any assets thereof.

5. All Documents and things relating to the ownership of the Asserted Patents or any Related Patent.

6. All Documents and things relating to or defining any rights You hold or held in the Asserted Patents or any Related Patent.

7. All Documents and things relating to any attempt (whether successful or not) to transfer or alienate any rights in or to any of the Asserted Patents, including any Documents constituting or evidencing any assignment, license, cross-license, offers to assign or license, refusals to license, covenant not to sue, security interest or other grant of rights concerning the Asserted Patents or any Related Patent.

8. All Communications with Third Parties regarding any valuation of or investment in or contribution of capital, equity, or other resources to CF Uniloc Holdings LLC, Uniloc 2017 LLC, Uniloc Licensing USA LLC, Uniloc USA, Inc., Uniloc Luxembourg, s.a.r.l, Uniloc Earnout Shareholders LLC, Uniloc Management LLC, or Uniloc Corporation Pty. Ltd.

9. All Communications with Third Parties regarding the Asserted Patents.

10. All Documents and things concerning any of Your Communications with Third Parties regarding the Asserted Patents or Related Patents.

11. All Communications with Uniloc or Third Parties relating to efforts to license, covenant not to sue, assign, and/or transfer the Asserted Patents.

12. All Documents comprising any agreements to which You are or were a party that relate to Uniloc (including counsel on behalf of Uniloc), the Litigation, or the Asserted Patents or the enforcement thereof.

13. All Documents relating to any actual, potential, or contemplated agreements to which You are (or were contemplated to be) a party that relate to Uniloc (including counsel on behalf of Uniloc), the Litigation, or the Asserted Patents or the enforcement thereof.

14. All Documents and things concerning any benefit, financial or otherwise, that You have already received or may in the future receive by virtue of transferring rights to the Asserted Patents or any Related Patent, including, without limitation, licensing fees, consulting fees, percentage of any damage awards from litigation, arbitration, mediation, or any similar forum, or any other compensation of any kind.

15. All documents reflecting any royalties (including but not limited to retained royalties), payments, and/or benefits of any kind You received that were derived from or related to any licensing, sublicensing, conveying, or otherwise transferring of any rights related to the Asserted Patents.

16. All Documents related to all rights ever granted to any Third Party in or to any of the Asserted Patents, including all Documents relating to any licenses of any claim(s) of any of the Asserted Patents.

17. All Documents related to the sale and/or license of any patents between You and Uniloc.

18. All Documents and Communications related to the negotiation, amendment, or termination of any agreement between You and Uniloc.

19. All agreements between You and Softbank.

20. All agreements or Communications between You and Softbank that discuss, define, or convey any ownership interests in or any rights in or to any intellectual property, including any patents.

21. Documents sufficient to show the extent and nature of Softbank's ownership interest in You.

22. All Documents that discuss, define, establish, or limit Softbank's ability to control Your operations or activities.

23. All Documents that discuss, define, establish, or limit Softbank's ability to control Your operations or activities relating in any way to the licensing, transfer, conveyance, or acquisition of any rights in or to any patents or other intellectual property

24. All Documents related to any agreement between You and Softbank relating to the assignment, licensing, or conveyance of intellectual property rights, including but not limited to any intellectual property sharing agreement, cross-license, or other agreement that creates, defines, or discusses any obligation on Your part to convey any intellectual property rights to Softbank.

25. All Documents related to any agreement between You and any Third Party that creates, defines, or discusses any obligation on Your part to convey any intellectual property rights to any Third Party.

26. Any contract or agreement that gives Softbank or any other Third Party any right to direct, require, or request You to convey rights in any intellectual property to any Third Party.

27. All Documents related to any agreement that gives Softbank or any other Third Party any right to direct, require, or request You to convey rights in any intellectual property to any Third Party.